IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00859 RS |
| Plaintiff, | **FIRST ORDER RE: MOTIONS IN LIMINE** |
| v. | |
| GARY HARDEMAN, | |
| Defendant. | |

*1. Defense Motion to Exclude Testimony of Federal Agents*

Based on the Government's representation that it has complied with its obligations under *Giglio* and *Hawthorn*, the motion is denied without prejudice.

*2. Defense Motion to Exclude Evidence Not Timely Disclosed*

Based on the Government's representation that all discovery has been timely disclosed pursuant to Rule 16(d)(2)(C) of the Federal Rules of Criminal Procedure, this motion is denied without prejudice.

*3. Defense Motion to Admit and Government Motion to Exclude Testimony from Subpoenaed Documents*

Obtaining a document through subpoena pursuant to a protective order does not preclude admission of that document or the facts underlying it at trial. Defendant seeks to be permitted generally to cross examine witnesses based on information gleaned from documents obtained as a result of its subpoenas. At this time, however, defendant has not identified what information he seeks to introduce. The admissibility of any documents or information shall be addressed at trial when specific documents are identified.

*4. Defense Motion to Admit and Government Motion to Exclude Alleged Victim's Claims of Similar Abuse*

The alleged victim's accusations of similar sexual abuse by other men are not excludable under FRE Rule 412. Defendant does not seek to prove the victim engaged in other sexual behavior (Fed. R. Evid. 412(a)(1)) or that the victim has a sexual predisposition (Fed. R. Evid. 412(a)(2)). Rather, the evidence is offered to prove the opposite, namely, that the victim did not participate in these alleged sexual relations but rather fabricated the encounters. This information goes to the credibility of the alleged victim, a central issue in this case. The accusations of similar abuse, therefore, may be used on cross examination.

*5. Defense Motion to Exclude and Government Motion to Admit Evidence of "Other Acts"*

The government's disclosure of its intent to introduce evidence of "other acts" under Rule 404(b) of the Federal Rules of Evidence was not untimely. The parties did not explicitly agree to include FRE Rule 404(b) notice as part of the discovery cut-off. Moreover, even if disclosure was delayed, defendant has suffered no prejudice, as defense counsel accurately predicted the content of the government's motion to admit evidence under FRE Rule 404(b). Thus admission is not precluded procedurally.

The photos of the girl found on a camera in defendant's home are probative of defendant's plan to use the hotel room in Mexico to have sexual encounters with young women. That defendant may not have known the age of Crystal, the girl depicted, is irrelevant. Rather,

the photos show a preference for younger women and evidence of a specific pattern of defendant's use of the hotel room in Mexico. Similarly, testimony from Sonia Vera Rodriguez regarding defendant's practice of taking young women, whom he would say were of age, to his hotel room is admissible to show a plan. However as noted below in Motion #11, any opinion by Rodriguez as to the age of the young women is excluded under FRE Rule 403.

The Government seeks to admit excerpts from a self-published book authored by the defendant. While the book predates the alleged conduct in this case by some 20 years, the excerpts are admissible to show absence of mistake, motive, and intent to have sex with young girls. The writings espouse defendant's views on sex and his belief that he participates in a "revolution for true sexual freedom." These statements not only evince an interest in having sex with young women, but also a desire to make such conduct acceptable in the greater community. Such pronouncements demonstrate possible motives for having sex with minors, the precise conduct charged in this case. Excerpts relating to sex with minors, sexuality of minors, sex offenses, and consent are thus admissible under FRE Rule 404(b). Similarly, if the government establishes that the other writings found in defendant's home were authored by the defendant, the categories of excerpts identified above are admissible under FRE Rule 404(b). Defendant may seek the introduction of specific additional sections if he can show their proximity to those excerpts introduced by the Government and can establish that they are necessary to place those excerpts in context.

Defendant's internet searches for child pornography on his home computer five months after the alleged assault are inadmissible character evidence. While they indicate a general sexual interest in children, they are dissimilar to the charged offense and thus more akin to impermissible propensity evidence than they are to permissible evidence of motive or intent.

Defendant also moves to exclude a racist remark made by defendant and a photo of Mariacarmen Arroyo, which the government does not oppose. Any probative value that the remark or the photo may have is outweighed by the danger of unfair prejudice under FRE Rule 403.

Defendant additionally seeks to exclude evidence of prior withdrawn guilty pleas and expunged convictions under FRE Rule 404(b). The government affirmatively seeks to admit this evidence under FRE Rules 413 and 414. This issue will be addressed in a subsequent order following the submission of additional briefing on the issue.

*6. Government Motion to Exclude Expert Dr. Esplin*

Defendant represents that his expert, Dr. Esplin, will not testify as to whether the alleged victim was or is in fact mentally ill or comment directly on her credibility as such opinion testimony would intrude on the jury's function. *United States v. Lukashov*, 694 F.3d 1107, 116-17 (9th Cir. 2012). Rather, Esplin will testify generally regarding proper protocols for psychiatric evaluations and whether they were employed during interviews with the alleged victim. Based on those representations, the Government's motion is denied.

*7. Government Motion to Admit Defendant's Admissions Under Oath*

Admission of defendant's statements, made under oath during a civil forfeiture proceeding, is not a violation of his right against self-incrimination. *See United States v. Scrivener*, 189 F.3d 825, 828 (9th Cir. 1999). The government's motion is granted, except as to paragraph nine regarding defendant's preference for Latin women and that "Whatever happens in Mexico stays in Mexico," statements whose probative value, if any, is outweighed by the danger of unfair prejudice, pursuant to FRE Rule 403.

*8. Defense Motion to Exclude Government Psychiatric Witnesses*

Defendant seeks first to exclude the Government's proffered psychiatric expert witnesses for failure to comply with disclosure requirements to the extent the witness will testify regarding the victim's mental condition. The government's disclosure was not untimely under Rule 16 of the Federal Rules of Criminal Procedure, as Rule 16(a)(G) applies only to witnesses presented in the Government's case-in-chief and on this issue the Government's expert is only offered in rebuttal. Based on the Government's representation that it will only call its expert witnesses to testify to the victim's psychiatric and psychological evaluations in response to defendant's suggestion that the alleged victim is mentally ill, defendant's motion to exclude this testimony is

denied, but the Government must wait for its rebuttal to elicit such mental health testimony from its expert.

Defendant also requests a *Daubert* hearing on the theory that delays in reporting and inconsistencies in allegations are not uncommon among victims of child sex abuse, which the Government intends to introduce in its case-in-chief. Such testimony is relevant to the proceedings, will assist the trier of fact, and does not infringe on the jury's role of determining witness credibility. *United States v. Vallejo*, 237 F.3d 1008, 1020 (9th Cir. 2000). No discussion of the reliability of the specific interviews in this case shall be permitted. *See Brodit v. Cambra*, 350 F.3d 985, 991 (9th Cir. 2003) (permitting expert testimony on Child Sex Abuse Accommodation Syndrome, provided the expert not opine that a specific child is telling the truth). Defendant's request for a *Daubert* hearing to test the methodology employed by the expert witness is denied. The Ninth Circuit has introduced this type of evidence, based properly on personal observations. *See e.g. United States v. Bighead*, 128 F.3d 1329, 1330 (9th Cir. 1997) (upholding admission of expert testimony regarding child sex abuse victims under *Daubert*, finding that expert's opinion was based on her observations and any concerns as to reliability could be addressed on cross examination). Defendant does not challenge the qualifications of the proffered expert witnesses. Any concerns as to the reliability of the expert's observations or professional clinical experience may be elicited on cross examination.

*9. Defense Motion to Exclude Aspects of Custodial Interviews*

Defendant's statements regarding the reasons he enjoys travel to Mexico are only tangentially relevant to the charged conduct, and must be excluded under FRE Rule 403. No reference to school visits shall be admitted. Defendant's discussion of his access to computers, however, is permissible as relevant to his credibility. The Government may admit other portions of the interviews, providing that no reference is made to defendant's location in jail at the time of the interviews or the circumstances leading to his custody. No reference to defendant's right to silence shall be made. General observations of defendant's change in demeanor during the interviews are permitted, up to the moment defendant invoked his right to silence.

*10. Defendant's Motion to Exclude Prior Consistent Statements of the Alleged Victim*

Defendant contends the alleged victim was asked a suggestive question by an embassy official, and that all subsequent statements to the extent they are offered as prior consistent statements under FRE Rule 801(d)(1)(B) are thereby tainted and unreliable. Defendant's motion shall be taken under submission to be decided at trial after presentation of evidence on when a motive to fabricate, if any, arose in this case.

*11. Defendant's Motion to Exclude Portions of Videotaped Depositions*

Defendant and the Government have agreed to stipulate to the identification of defendant by the deposed witnesses. No video footage of the photo spread shall therefore be shown. The Government has also agreed to the exclusion of Omar Alvarez's reference to a Mexican law enforcement investigation, Whitney Hardeman's testimony, and portions of Martha Cortes Morales's testimony regarding knowledge of defendant's prior criminal conduct. Defendant's motion to exclude the testimony of Sonia Vera Rodriguez regarding a warning she gave to a co-worker about the defendant is granted. This testimony is hearsay or, if not offered for its truth, is only tangentially relevant to the charged conduct. Rodriguez's opinion regarding the age of Crystal, a girl seen with Hardeman, is excluded under FRE Rule 403. However, Rodriguez's observations of the defendant at the hotel are admissible as relevant personal observations, admissible under FRE Rule 404(b) showing a common plan for the hotel room.

*12. Omnibus Order Regarding Exclusion, Order of Testimony, and Preparation of Witnesses*

All non-exempt witnesses shall be excluded from all proceedings, with the exception of closing argument pursuant to FRE Rule 615. Counsel are directed to advise their witnesses that they are not to review trial transcripts in preparation for their testimony. The Government's case agent will not be required to testify first in the Government's case-in-chief, as such requirement improperly intrudes on the presentation of the Government's case. Witnesses may communicate with offering counsel and, as to Government witnesses, the case agent up until the time that witness is tendered for cross-examination.

*13. Motion to Dismiss Count Two under the Ex Post Facto Clause*

Defendant renews his motion to dismiss Count Two under the *Ex Post Facto* clause as a result of the recent Supreme Court decision in *Peugh v. United States*, 2013 WL 2459523, 133 S. Ct. 2072 (2013), pertaining to the Sentencing Guidelines. In light of the Ninth Circuit controlling precedent in this case and the fact that the *Peugh* decision is distinguishable, the motion is denied.

IT IS SO ORDERED.

Dated: July 12, 2013

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE